# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|   |   |   |
|---|---|---|
| Matthew Solum, P.C.<br>To Call Writer Directly:<br>+1 212 446 4688<br>matthew.solum@kirkland.com | 601 Lexington Avenue<br>New York, NY 10022<br>United States<br><br>+1 212 446 4800<br><br>www.kirkland.com | Facsimile:<br>+1 212 446 4900 |

November 27, 2018

**Via ECF**

Hon. Andrew L. Carter, Jr., U.S.D.J.
Thurgood Marshall Courthouse
40 Foley Square, Courtroom 1306
New York, NY 10007

**Re:** *In re Micro Focus International plc Securities Litigation*, **No. 1:18-cv-06763 (ALC)**

Dear Judge Carter:

We write on behalf of all Defendants, pursuant to paragraph 2(A) of the Court's Individual Practices, to request a pre-motion conference in advance of Defendants' contemplated motion to dismiss the amended complaint ("Complaint" or "Compl.") for failure to state a claim.

Plaintiff asserts claims (i) under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder and, (ii) under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act"), against Micro Focus and certain of its current and former officers and directors. Plaintiff's claims revolve around Micro Focus's March 19, 2018 announcement of downward revisions to its forecasts and expected revenues, about six months after it acquired Hewlett Packard Enterprise's ("HPE") software business on September 1, 2017. *See, e.g.*, Compl. ¶¶ 71, 117. According to the Complaint, Micro Focus attributed its revised performance expectations to "one-off transitional effects of the combination with HPE software, rather than underlying issues with the end market or the product portfolios" and, specifically, "[i]ssues relating to our new IT system implementation, . . . [h]igher attrition of sales personnel, . . . [d]isruption of ex [HPE] global customer accounts . . . and [c]ontinued sales execution issues particularly in North America." Compl. ¶ 115.

The Complaint alleges that Defendants violated Section 11 and Section 10(b) in the course of and after the issuance of American Depositary Shares ("ADSs") on September 1, 2017, by (i) explaining why they believed that the transaction would be beneficial to the company (which Plaintiff contends was unrealistic), (ii) expressing confidence in the integration process (which Plaintiff contends was overly optimistic and insufficiently described challenges), (iii) discussing anticipated efficiencies and synergies (which Plaintiff contends that Micro Focus's strategy would not produce), and (iv) failing to disclose purported adverse sales trends and sales personnel attrition. As we will establish in our motion, none of this is a valid basis for securities fraud claims. Plaintiff has not stated a claim under any pleading standard—let alone the Rule 9(b) standards that apply to all of its claims and the even more demanding PSLRA standard that applies to its Exchange Act claims, principally for the following reasons, and others affecting only certain individual defendants, including the failure adequately to plead the factual predicate for the claim that certain individual defendants are subject to liability under Section 11.

Hon. Andrew L. Carter, U.S.D.J.
November 27, 2018

**1. Failure to Plead a Materially False or Misleading Statement or Omission.** Plaintiff fails to plead any materially misleading statement or omission, for at least five reasons. *First*, the Complaint does not—and cannot—plead with specificity that any of the statements at issue was false when made. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 105 (2d Cir. 2007). Moreover, while Plaintiff cherry picks public statements, much of what Plaintiff alleges Defendants omitted or misstated was actually disclosed by the very documents relied upon in the Complaint and in other materials available to investors. *Tellabs, Inc. v. Makor Issues & Rights*, 551 U.S. 308, 322 (2007) (courts examine documents incorporated into the complaint by reference.

*Second*, the Complaint relies on forward-looking statements, *e.g.*, Compl. ¶¶ 58, 59, 61, and puffery, *see, e.g., id.* ¶¶ 70, 72, 163, 148b, 194, but such statements are immaterial, protected by the PSLRA's safe harbor provision or the "bespeaks caution" doctrine, and were accompanied by meaningful cautionary language. *See, e.g.*, Form F-4 at 42, 48, and 50-52. *See also* 15 U.S.C. §§ 77z-2(c)(1), 78u-5(c); *Rombach v. Chang*, 355 F.3d 164, 175 (2d Cir. 2004); *Gillis v. QRX Pharma Ltd.*, 197 F. Supp. 3d 557, 579-580 (S.D.N.Y. 2016).

*Third*, the Complaint impermissibly pleads "fraud by hindsight," *see Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000), by pointing to later problems to plead that earlier statements were false. *See, e.g.*, Compl. ¶¶ 149, 157, 171, 175.

*Fourth*, the Complaint is replete with allegations of purported misstatements that amount to nothing more than statements of opinion about the hoped-for benefits from the merger or optimism about Micro Focus's ability to integrate HPE Software. *See, e.g.*, Compl. ¶¶ 59, 133, 142, 148. Such statements cannot be the basis for securities fraud claims where, as here, Plaintiff alleges no facts showing the statements were objectively untrue and subjectively disbelieved. *See, e.g., Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 135 S. Ct. 1318 (2015); *Tongue v. Sanofi*, 816 F.3d 199, 214 (2d Cir. 2016).

*Fifth*, the Complaint fails to allege adequately that the Registration Statement was misleading because it failed to disclose purported known trends of alleged customer and staff attrition under Item 303 of Regulation S-K, Compl. ¶¶ 150-153. The Complaint does not plead facts establishing that Micro Focus had any duty to disclose at the relevant time under Item 303, because it does not allege that management actually knew of the purported trend or uncertainty, and reasonably expected a material impact on sales, revenues, or income from operations. *See Indiana Pub. Ret. Sys. v. SAIC, Inc.*, 818 F.3d 85, 94 (2d Cir. 2016).

**2. Failure to Plead Scienter.** Because all claims asserted here sound in fraud, all claims are subject to the Rule 9(b) fraud pleading standards, *Rombach*, 355 F.3d at 170-71, and the Exchange Act claims are further subject to the scienter requirement of the PSLRA. The Complaint fails to plead facts supporting a "strong inference" that Micro Focus or its officers and directors made any statement they knew was false or misleading or that they made public statements with reckless disregard for the truth. *Tellabs*, 551 U.S. at 319; *ATSI*, 493 F.3d at 99. The Complaint fails to plead the required strong inference of scienter by alleging either motive and opportunity to commit fraud or strong circumstantial evidence of conscious misbehavior or recklessness. *ECA, Local 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009). The Complaint lacks any allegations of impermissible motive for executives to make the purported misstatements, and there are no allegations of insider trading, which vitiates any inference of fraud. *See Kalnit v. Eichler*, 264 F.3d 131, 142 (2d Cir. 2001). The Complaint is equally lacking in the sort of circumstantial evidence of conscious misbehavior or recklessness

that courts have held sufficient to establish scienter. Many allegations, *see, e.g.*, Compl. ¶¶ 196, 197, 199, amount to nothing more than the charge that Defendants "must have known" about purported issues within either HPE Software's or Micro Focus's business or that there must have been fraud because of executive departures or demotions after the merger, *id.* ¶¶ 191, 193. That is *de jure* insufficient. *See, e.g.*, *Wilbush v. Ambac Financial Group Inc.*, 271 F. Supp. 3d 473, 485 (S.D.N.Y. 2017).

The Complaint's generic allegations of the individual defendants' involvement in Micro Focus's business and the merger process, *see, e.g.*, Compl. ¶¶ 187-190, fail to meet the demanding requirement that the inference of fraudulent intent be "cogent and at least as compelling as any opposing inference of nonfraudulent intent," *Tellabs*, 551 U.S. at 314. Plaintiff has done nothing to rebut the obvious nonculpable explanation—that the individual defendants honestly believed that there was reason for optimism about the merger and subsequent integration, and that even if there were problems along the way, Micro Focus had overcome similar issues in the past.

The Complaint's allegations based upon anonymous former employee witnesses also fail to support an inference of fraudulent intent. These allegations are premised upon rumor, second- or third-hand hearsay, and statements of generic criticism offered by former employees who are not alleged to have held positions in which they would have been privy to management-level information about personnel decisions and merger integration. *E.g.*, *Frankfurt-Tr. Inv. Luxemburg AG v. United Techs. Corp.*, __ F. Supp. 3d __, 2018 WL 4682788, at *16 (S.D.N.Y. Sept. 28, 2018); *see also Campo v. Sears Holdings Corp.*, 371 Fed. Appx. 212, 216–17 (2d Cir. 2010).

**3. Failure to Plead Loss Causation.** The Complaint fails to plead loss causation, *i.e.*, the required "causal connection between the material misrepresentation and the loss." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341 (2005). Plaintiff fails to plead facts connecting the purported corrective disclosures to any statements alleged to be false.

**4. Failure to Plead Section 15 and 20(a) Claims.** The Section 15 (Securities Act) and Section 20(a) (Exchange Act) claims against the individual defendants must be dismissed because Plaintiff does not allege a primary violation by Micro Focus, the controlled person. *See, e.g., Oklahoma Firefighters Pension & Ret. Sys. v. Xerox Corp.*, 300 F. Supp. 3d 551, 581 (S.D.N.Y. March 20, 2018) (Exchange Act); *Jones v. Party City Holdco, Inc.*, 230 F. Supp. 3d 185, 192 (S.D.N.Y. 2017) (Securities Act).



For the reasons set forth above and as will be further developed in Defendants' briefing on a motion to dismiss, the Complaint fails to state a claim. Because of the 114-page length of the Complaint and the number of issues presented, Defendants respectfully request leave to submit a memorandum of law in support of their motion of up to 45 pages and a reply memorandum of up to 20 pages. Certain individual Defendants request leave to submit short supplemental memoranda of law, not to exceed seven pages, to the extent they deem it necessary to address issues unique to those Defendants. Lead Plaintiff would submit an opposition memorandum of up to 45 pages, plus the total number of pages comprising all of the individual Defendants' briefs, if any. Defendants have conferred with Lead Plaintiff, which does not oppose the request.

Hon. Andrew L. Carter, U.S.D.J.
November 27, 2018

                Respectfully submitted,

                **KIRKLAND & ELLIS LLP**

                By: _____
                      Matthew Solum, P.C.

                **MORGAN, LEWIS & BOCKIUS LLP**

                By: _____
                      Kenneth I. Schacter

                **BERGESON, LLP**

                By: _____
                      Daniel Bergeson

4