# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Matthew Solum, P.C.
To Call Writer Directly:
+1 212 446 4688
matthew.solum@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

December 04, 2018

**Via ECF**

Hon. Andrew L. Carter, Jr., U.S.D.J.
Thurgood Marshall Courthouse
40 Foley Square, Courtroom 1306
New York, NY 10007

Re:   *In re Micro Focus International plc Securities Litigation*, No. 1:18-cv-06763 (ALC)

Dear Judge Carter:

We write on behalf of all Defendants in the above-captioned action, in response to Plaintiff's November 30, 2018 letter (Dkt. No. 67 ("Plaintiff's Letter")) in which Plaintiff rests upon the deficient allegations in the Complaint and asks the Court not even to consider Defendants' contemplated motion to dismiss.

Plaintiff's Letter does not—because it cannot—dispute the legal bases for Defendants' motion to dismiss: that the Complaint fails to plead that any statement was false when made; fails to plead to scienter; and fails to identify any materially false or misleading statement or omission made by Defendants in the time between the announcement of the merger in 2016 and the alleged revelation of the so-called "corrective disclosures" in 2018. Like the Complaint upon which it is based, Plaintiff's Letter strings together inadequate allegations that gloss over inconsistencies and leap between timeframes in an effort to create an impression of misleading statements where there were none. The statements at issue are not adequately alleged to have been false when made, and many are of such a generic nature (*e.g.*, expressed optimism about the post-merger future) that they cannot support a securities fraud claim. Plaintiff's Letter fails to identify any actionable statement or omission, much less explain how the Complaint satisfies the governing scienter requirement. The Complaint cannot survive a motion to dismiss.

### 1. *Plaintiff's Letter Fails to Identify Any Materially False or Misleading Statement or Omission.*

Plaintiff's Letter identifies (at 2) three categories of allegedly false and misleading statements made by Defendants but fails to allege the specifics of how any of the statements they put at issue were false or misleading when made. The letter fails to do so because such specific allegations are missing entirely from the complaint. *First*, Plaintiff's Letter points to Defendants' statements concerning the speed and success of efforts to integrate Micro Focus and HPE and suggests that such statements were false based on anecdotal allegations that the combined revenue-tracking platform, FAST, experienced technical difficulties. Even if these allegations about FAST were true, they do not make Defendants' statements about the progress of integration efforts either

Hon. Andrew L. Carter, U.S.D.J.
December 04, 2018

false or misleading. Plaintiff's Letter seeks to impermissibly assert "fraud by hindsight" with regard to these statements, which Defendants considered to be true at the time they were made. *Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000). And Plaintiff cannot point to any reason why these statements were false when made. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 105 (2d Cir. 2007).

*Second*, Plaintiff's Letter highlights a category of statements wherein Defendants asserted that the merger had resulted in stability of sales personnel and "accelerate[d] operational effectiveness" in "sales force productivity." Plaintiff suggests such statements are actionable because, "[i]n reality," sales staff left Micro Focus following the merger announcement. In addition to including statements that were not false when made, this category includes statements which cannot be considered anything more than non-actionable puffery. *Gillis v. QRX Pharma Ltd.*, 197 F. Supp. 3d 557, 579-580 (S.D.N.Y. 2016). For example, Plaintiff's Letter does nothing to explain how the statement by Defendant Hsu that "all [Micro Focus has] is our people" was false or misleading. All corporate entities exist based on the merits of the people who work there; indeed, Micro Focus *still* exists because of its people, so it is entirely unclear how that statement could have been false when made.

*Third*, Plaintiff's Letter points to statements where Defendants touted the Company as "strong" and the merger's "thesis" as "intact and strong." Plaintiff argues such statements must be false based on the same, recycled allegations about issues relating to integration and employee and customer attrition. However, these allegations concern nothing more than non-actionable statements of opinion about the hoped-for benefits from the merger or optimism about Micro Focus's ability to integrate with HPE Software. *See, e.g., Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 135 S. Ct. 1318 (2015). Plaintiff's allegations regarding issues experienced by Micro Focus up to and following the merger do not make vague and general statements about Micro Focus's or the merger's "strength" less true, much less rise to the level of actionability to assert claims under the Securities Act or the Exchange Act.

Finally, Plaintiff's baseless allegation that none of the statements at issue were accompanied by meaningful cautionary language is belied by the language of the Registration Statement. *See, e.g.*, Form F-4 at 48 (cautioning that "[i]ntegration of HPE Software with the existing businesses carried on by the Micro Focus Group may be more time consuming and costly than anticipated"); *id.* at 51 (cautioning that "[t]he Merger may result in a loss of customers for the Group").

### 2. *Plaintiff's Letter Fails to Identify Legally Sufficient Allegations of Scienter.*

Plaintiff's Letter suggests that scienter is sufficiently pled because the Complaint pleaded separate Securities Act and Exchange claims. But that misses the point: The *factual* allegations upon which the claims are based make clear that *all* claims sound in fraud. Under well-settled law, all claims therefore must meet the heightened fraud pleading standards, including the standard articulated in *Tellabs, Inc. v. Makor Issues & Rights*, 551 U.S. 308 (2007). The Complaint fails to meet those standards, and none of the six points Plaintiff offers (at 2) cures that failure. Plaintiff's first point—that certain Individual Defendants were either responsible for conducting due diligence in connection with the merger or were terminated or demoted following the merger and therefore "must have known" about purported issues—is a non-starter. Such allegations are *de jure* insufficient. *See, e.g., Wilbush v. Ambac Financial Group Inc.*, 271 F. Supp. 3d 473, 485 (S.D.N.Y. 2017). Allegations that Defendants were "focused" on the merger and that integration

Hon. Andrew L. Carter, U.S.D.J.
December 04, 2018

was among the "core operations" of Micro Focus similarly fail: the logical leap required to link the priorities of Micro Focus and the Individual Defendants to an intent to defraud indicates that such allegations cannot survive a motion to dismiss. And HPE and Micro Focus's "past experiences" with mergers, rather than placing them on "notice of potential problems that did occur," actually provided optimism that they could overcome those issues as they had in the past. In addition, Plaintiff's Letter claims that allegations based on comments from former employees corroborate Plaintiff's scienter allegations. But such allegations cannot even create an inference of scienter, because they are based entirely statements from employees who did not have any direct knowledge of management-level decision-making regarding merger integration and/or personnel decisions. Finally, although Plaintiff would downplay the competing inference from the pleaded facts that Defendants "honestly believed that there was reason for optimism" (at 3), that argument wholly ignores the scienter pleading standard, which requires that an inference of fraudulent intent be "at least as cogent and compelling as any opposing inference of nonfraudulent intent." *Tellabs*, 551 U.S. at 314.

### 3. *Plaintiff's Letter Fails to Identify Allegations Supporting Loss Causation.*

Plaintiff's Letter (at 3) points to purported "corrective disclosures" on January 8, 2018 and March 19, 2018 as correcting the alleged misstatements and omissions detailed in the Complaint, but fails to tie the two sets of allegations together. There are no allegations in the Complaint or in Plaintiff's Letter that connect the decline in Micro Focus's stock price with correction of a specific prior statement made by Defendants, or even an admission that a prior statement was incomplete.

### 4. *Plaintiff's Section 15 and Section 20(a) Claims Also Fail.*

Plaintiff's Letter concedes that Plaintiff's claims under Section 15 of the Securities Act and Section 20(a) of the Exchange Act rise and fall with its allegations of a primary violation by Micro Focus, the control person. Because no primary violation has been adequately alleged, the Section 15 and Section 20(a) claims must also fail.



For these reasons and those set forth in Defendants' November 27, 2018 letter, Defendants respectfully request a pre-motion conference, or that the Court enter the schedule agreed upon by the parties (Dkt. No. 64) for briefing the motion to dismiss.

Hon. Andrew L. Carter, U.S.D.J.
December 04, 2018

Respectfully submitted,

**KIRKLAND & ELLIS LLP**

By: *[signature]*
Matthew Solum, P.C.

**MORGAN, LEWIS & BOCKIUS LLP**

By: *[signature]*
Kenneth I. Schacter

**BERGESON, LLP**

By: *[signature]*
Daniel J. Bergeson
