**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                       :

**In re Micro Focus International plc.**    :    **1:18-CV-6763-ALC**
**Securities Litigation**    :    **ORDER**

------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___11/4/2021___

**ANDREW L. CARTER, JR., District Judge:**

        On September 29, 2020, I granted Defendants' motion to dismiss the Second Amended Class Action Complaint. ECF No. 104. Judgment was entered and the case was closed the following day. ECF No. 105. On October 27, 2020, Lead Plaintiff filed a notice of appeal of my decision dismissing this action in its entirety, ECF No. 107, which the parties withdrew by stipulation and the Second Circuit so-ordered on April 30, 2021. ECF No. 108. On June 17, 2021, Lead Plaintiff filed a motion for preliminary approval of settlement. ECF Nos. 109-113. The motion included a letter from Lead Plaintiff informing the Court, *inter alia*, that "the parties ha[d] agreed to settle the Action for $15 million in cash (the "Settlement"), subject to the Court's approval" and that they needed the motion granted to "begin the process of the Court's consideration of the proposed Settlement." ECF No. 113 at 1.

        On June 21, 2021, state plaintiffs in a consolidated putative securities class action in California state court and members of the putative class in the instant action submitted correspondence to me objecting to the motion for preliminary approval of the proposed settlement. ECF No. 114 at 1 ("State Plaintiffs were surprised to learn that the parties to the Federal Action had

secretly negotiated a <u>class-wide</u> resolution of the claims asserted in <u>both</u> Actions back in March 2021, for the paltry sum of $15 million."). State Plaintiffs wrote that preliminary approval was improper because this Court lacked subject matter jurisdiction to adjudicate the motion, "approval would improperly enjoin the prosecution of the State Action," and the "proposed settlement, plan of allocation, and notice [were] flawed." *Id.* at 2. With respect to subject matter jurisdiction, they argued that the withdrawal of the notice of appeal after I had already dismissed this action meant that "no court [had] jurisdiction over the Federal Action." *Id.* Lead Plaintiff and Defendants in this action, as well as state plaintiffs, submitted additional letters in connection with state plaintiffs' objections to the motion for preliminary approval. ECF Nos. 116-118.

On July 30, 2021, I ordered the parties, including state plaintiffs, to brief "the specific issue of whether this Court—after dismissing this action on September 29, 2020—still ha[d] jurisdiction over this case." ECF No. 120. A briefing schedule was also set by order on August 6, 2021. ECF No. 122. On August 13, 2021, upon request by Lead Plaintiff and Defendants, the Second Circuit reinstated the formerly withdrawn appeal. ECF No. 123. After full briefing by the parties on the issue of subject matter jurisdiction before me, *see* ECF Nos. 124-129, Lead Plaintiff and Defendants sought a pre-motion conference in connection with the Second Circuit's deferral of a decision on the parties' joint motion for remand of the action to the district court "for purposes of settlement." ECF No. 134-135. On October 22, 2021, I denied the request for a pre-motion conference and informed Lead Plaintiff and Defendants that I would issue an indicative ruling pursuant to Rule 62.1 of the Federal Rules of Civil Procedure and as instructed by the Second Circuit based on the parties' prior written submissions. ECF No. 136.

Federal Rule of Civil Procedure 62.1 permits district courts to issue an indicative ruling on pending motions that may involve or otherwise implicate issues under consideration on appeal. The district court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it

would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). "The district court may decide the motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(c). Typically,"[t]he filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

    Lead Plaintiffs, Defendants, and the state plaintiffs raised a range of arguments in connection with the pending motion for preliminary approval of settlement. After dismissing this action in its entirety, Lead Plaintiff appealed my decision. While the appeal was pending, Lead Plaintiff and Defendants agreed to a class-wide settlement of $15 million, withdrew the appeal, and then Lead Plaintiff filed a motion for preliminary approval of the settlement in the district court to begin the process of final approval of the class settlement. After state plaintiffs raised objections to the motion, including on jurisdictional grounds, I ordered the parties to brief whether the district court maintains subject matter jurisdiction over this case.

    I have not had the opportunity to consider submissions by Lead Plaintiff, Defendants, and state plaintiffs to decide whether, after dismissing this action in its entirety back in September 2020, I can entertain Lead Plaintiff's motion for preliminary approval. The pending motion for preliminary approval, including the supplemental briefing on the issue of subject matter jurisdiction, raises a substantial issue about whether the district court maintains jurisdiction to preside over settlement. Indeed, there is a strong public policy in this Circuit in favor of the settlement of disputes. *See, e.g., Williams v. First Nat. Bank,* 216 U.S. 582, 595 (1910); *TBK Partners, Ltd. v. Western Union Corp.,* 675 F.2d 456, 461 (2d Cir. 1982); *In re Tronox Inc.,* 855 F.3d 84, 106 (2d Cir. 2017) (noting strong judicial policy favoring settlement). At the

same time, subject matter jurisdiction may not be waived and Article III requires that federal courts only hear live cases or controversies. Thus, if the Second Circuit remanded the action to the district court, I would consider the motion (including the jurisdictional issues).

Because the pending motion for preliminary approval raises a substantial issue, Lead Plaintiff and Defendants are directed to promptly notify the Circuit Clerk of the United States Court of Appeals for the Second Circuit of this Order. *See* Federal Rule of Appellate Procedure 12.1; *see also* Fed. R. Civ. P. 62.1(b) ("The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue."). The Clerk of Court is respectfully directed to deliver a copy of this Order to the Circuit Clerk of the United States Court of Appeals for the Second Circuit.

**SO ORDERED.**

**Dated:** November 4, 2021
New York, New York

                                                                      **Andrew L. Carter, Jr.**
                                                                     **United States District Judge**